**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**TODD MAIUCCORO,**

       **Plaintiff,**

    v.                **1:13-CV-98**
                         **(FJS/CFH)**
**ETHICON, LLC, ETHICON, INC., and**
**JOHNSON & JOHNSON, INC.,**

       **Defendants.**
_____

| APPEARANCES | OF COUNSEL |
|---|---|
| **TODD MAIUCCORO**<br>Ballston Spa, New York 12020<br>Plaintiff *pro se* | |
| **PATTERSON BELKNAP WEBB**<br>**& TYLER LLP**<br>1133 Avenue of the Americas<br>New York, New York 10036<br>Attorneys for Defendants | **THOMAS P. KURLAND, ESQ.**<br>**JAMES F. MURDICA, ESQ.**<br>**JOHN D. WINTER, ESQ.** |

**SCULLIN, Senior Judge**

## ORDER

On January 31, 2014, Magistrate Judge Hummel issued an Order granting Plaintiff's attorney's motion to withdraw as counsel. *See* Dkt. No. 27. In that Order, Magistrate Judge Hummel stayed discovery in this matter for thirty days to permit Plaintiff to retain new counsel. *See id.* at 1. Magistrate Judge Hummel also advised Plaintiff that, if he did not retain counsel within that thirty-day period, he would proceed *pro se* with this matter. *See id.* at 2. Finally, Magistrate Judge Hummel stated that, if Plaintiff failed to retain new counsel within the required time frame, Defendants' counsel could file a motion to dismiss for failure to prosecute. *See id.*

Plaintiff did not retain new counsel and, thus, on March 3, 2014, Defendants filed a motion to dismiss for lack of prosecution. *See* Dkt. No. 28. Rather than file a response to that motion, Plaintiff filed a letter motion, after the time for filing his response had expired, seeking a postponement of the motion hearing for thirty to sixty days. *See* Dkt. No. 30. Defendants objected to that request. *See* Dkt. No. 31. At a hearing on May 12, 2014, to consider Plaintiff's request, Magistrate Judge Hummel ordered Plaintiff to file his response to Defendants' motion to dismiss by May 20, 2014, in effect denying Plaintiff's request. *See* Dkt. No. 35, Text Order dated May 12, 2014.

On May 19, 2014, the Court received a letter from Plaintiff, *see* Dkt. No. 37, and a letter motion from Plaintiff's mother on his behalf, *see* Dkt. No. 38, both of which sought an extension of time for Plaintiff to retain new counsel. On that same date, Defendants filed a letter brief in opposition to Plaintiff's request. *See* Dkt. No. 36.

As a preliminary matter, the Court notes that Plaintiff's mother **cannot** represent Plaintiff; and, thus, she cannot file motions, requests, or any other documents on his behalf. Furthermore, in light of Magistrate Judge Hummel's January 31, 2014 Order, Plaintiff is currently proceeding *pro se* with this matter. Thus, he is required to abide by the Court's rulings, including its scheduling orders. Magistrate Judge Hummel's May 12, 2014 Order, in which he instructed Plaintiff to file any opposition he had to Defendants' motion to dismiss by May 20, 2014, was **not** a suggestion, it was an Order; and Plaintiff was bound to follow that Order if he wanted to continue with this action. In addition, if Plaintiff seeks some relief from the Court, he must do so by filing a motion, not a letter, with the Court, setting forth the relief he is seeking and serving the same on opposing counsel so that they have an opportunity to respond.

That being said, however, given Plaintiff's *pro se* status, the Court will grant him a **final** opportunity to respond to Defendants' motion to dismiss. However, the Court hereby advises Plaintiff that the Court will **not** grant him any further extensions and that, if he does not file any opposition to Defendants' motion by the required date, the Court will assume that he has no opposition to Defendants' motion.

Accordingly, for the above-stated reasons, the Court hereby

**ORDERS** that Plaintiff's request for an extension of time to retain counsel, *see* Dkt. Nos. 37-38, is **DENIED**; and the Court further

**ORDERS** that Plaintiff shall file his papers in opposition to Defendants' motion to dismiss for failure to prosecute on or before **June 6, 2014**. **NO FURTHER EXTENSIONS WILL BE GRANTED**. If Plaintiff does not file any papers in opposition to Defendants' motion within this required time frame, the Court will assume that Plaintiff has no opposition to the granting of Defendants' motion; and the Court further

**ORDERS** that, if Plaintiff files papers in opposition to Defendants' motion, Defendant may file papers, if necessary, in further support of their motion on or before **June 13, 2014**; and the Court further

**ORDERS** that, unless and until he retains counsel, **only** Plaintiff may file documents on

his behalf.  The Court will strike from the docket any documents that it receives from any one other than Plaintiff who purports to file such documents on behalf of Plaintiff; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Order on the parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: May 23, 2014
       Syracuse, New York

_____
Frederick J. Scullin, Jr.
Senior United States District Court Judge