UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

TODD MAIUCCORO,

                            Plaintiff,

                      v.                                     1:13-CV-98
                                                             (FJS/CFH)

ETHICON, LLC; ETHICON, INC.; and
JOHNSON & JOHNSON, INC.,

                            Defendants.
_____

**APPEARANCES**                                               **OF COUNSEL**

**TODD MAIUCCORO**
Ballston Spa, New York 12020
Plaintiff *pro se*

**PATTERSON BELKNAP WEBB**                **JAMES F. MURDICA, ESQ.**
**& TYLER LLP**                                         **JOHN D. WINTER, ESQ.**
1133 Avenue of the Americas                 **THOMAS P. KURLAND, ESQ.**
New York, New York 10036
Attorneys for Defendants

**SCULLIN, Senior Judge**

**ORDER**

      On January 31, 2014, Magistrate Judge Hummel held a conference with the parties regarding Plaintiff's counsel's motion to withdraw. Prior to that conference, Magistrate Judge Hummel ordered Plaintiff to appear in person for the conference. Despite that Order, Plaintiff did not appear. After the conference, Magistrate Judge Hummel issued an Order, granting Plaintiff's counsel's motion to withdraw and staying discovery for thirty days to permit Plaintiff to obtain new counsel. *See* Dkt. No. 27. Magistrate Judge Hummel gave Defendants permission to file a motion to dismiss for failure to prosecute if Plaintiff was unable to retain counsel within

the specified time period. *See id.* Since Plaintiff did not notify the Court or opposing counsel that he had retained counsel, Defendants moved to dismiss for lack of prosecution on March 3, 2014. *See* Dkt. No. 28.

On April 24, 2014, Plaintiff filed a letter motion requesting a postponement of the hearing date for Defendants' motion for thirty to sixty days. *See* Dkt. No. 30. The Court referred that motion to Magistrate Judge Hummel, who held a conference regarding that motion on May 12, 2014. *See* Dkt. No. 34. Magistrate Judge Hummel granted the motion insofar as he extended Plaintiff's time to file his response to Defendants' motion until May 20, 2014. *See* Dkt. No. 35. He also advised Plaintiff that the Court would not grant any further extensions. *See id.*

On May 19, 2014, Plaintiff's mother filed a letter motion on his behalf, seeking a further extension of sixty days to retain counsel. *See* Dkt. No. 38. In an Order dated May 23, 2014, the Court denied that request but granted Plaintiff an extension of time in which to respond to Defendants' motion to dismiss for lack of prosecution until June 6, 2014. *See* Dkt. No. 39. The Court also advised Plaintiff that this was a final extension. *See id.*

On June 5, 2014, Plaintiff filed a letter motion requesting an extension of time to obtain counsel, *see* Dkt. No. 40, which this Court denied, *see* Dkt. No. 41. However, the Court did provide Plaintiff an additional week, until June 16, 2014, to respond to Defendants' motion to dismiss for lack of prosecution. *See id.* The Court advised Plaintiff that his failure to respond to Defendants' motion in a timely manner might result in the Court granting Defendants' motion. *See id.* Despite the Court granting Plaintiff an extension of time in which to file his response and warning him of the consequences of not doing so, Plaintiff did not file any papers in opposition to Defendants' motion.

Rule 41(b) of the Federal Rules of Civil Procedure allows the district court to dismiss an action "[i]f the plaintiff fails to prosecute or comply with [the] rules or a court order." Fed. R. Civ. P. 41(b). When a court is considering a dismissal under Rule 41(b), it must weigh five factors:

> "(1) the duration of the plaintiff's failure to comply with the court order, (2) whether plaintiff was on notice that failure to comply would result in dismissal, (3) whether the defendants are likely to be prejudiced by further delay in the proceedings, (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard, and (5) whether the judge has adequately considered a sanction less drastic than dismissal."

*Baptiste v. Sommers*, 768 F.3d 212, 216 (2d Cir. 2014) (quoting *Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir. 1996)).

In this case, all of the factors weigh in favor of dismissal. Plaintiff has failed to comply with various Court Orders for more than one year. The Court has put Plaintiff on notice several times that dismissal was the likely result of his failure to comply with the Court's Orders. Defendants have made every effort to meet the deadlines in this case and to work with Plaintiff but to no avail. Undoubtedly, any further delay would prejudice them. The Court has no indication, given Plaintiff's past performance, that he has any intention of complying with the Court's Orders. Finally, in light of the numerous opportunities the Court has provided to Plaintiff to meet deadlines and comply with the Court's Orders, the Court concludes that there is no sanction less drastic than dismissal that would suffice in this case.

Accordingly, for the above-stated reasons, the Court hereby

**ORDERS** that Defendants' motion to dismiss for lack of prosecution pursuant to Rule 41(b) of the Federal Rules of Civil Procedure, *see* Dkt. No. 28, is **GRANTED**; and the Court

further

ORDERS that the Clerk of the Court shall enter judgment in favor of Defendants and close this case; and the Court further

ORDERS that the Clerk of the Court shall serve a copy of this Order on the parties in accordance with the Local Rules.

**IT IS SO ORDERED.**


Dated: January 6, 2015
      Syracuse, New York

                                    Frederick J. Scullin, Jr.
                                    Senior United States District Court Judge